WILLIAM PAPETTI *vs.* TIMOTHY J. MEE.

MAY 9, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of trespass on the case to recover the financial loss to the plaintiff by reason of certain damages to his truck and tank trailer. These damages were suffered in a collision which occurred, on a public highway, between that truck and trailer and the defendant's automobile truck, and which the plaintiff alleges was solely due to the negligent operation of the latter truck by the defendant's servant in the course of his employment.

The action was tried before a justice of the superior court, sitting without a jury; and at the end of the trial he rendered

a decision from the bench in favor of the plaintiff and assessed his damages at $785.14. In due time thereafter the plaintiff filed an exception to this decision and gave notice of his intention to prosecute a bill of exceptions "upon all of his exceptions in said case on damages", without mentioning any other exception. At the same time he filed a request for a transcript of the testimony of the two expert witnesses, who had respectively testified for the two parties on the matter of damages only, and of the testimony of the plaintiff himself.

Such a transcript was prepared and allowed and is now before us, together with the plaintiff's bill of exceptions, in which the first exception is to the final decision, the second is to the refusal of the trial justice in that decision to allow any damages for loss of profit; and the third is to his failure in that decision to allow anything for depreciation. None of the other exceptions stated has been relied upon before us and they will be treated as abandoned. The defendant did not file any notice of intention to prosecute a bill of exceptions.

As to the matter of loss of profit, the trial justice refused to allow anything for that, because he felt that the plaintiff had failed to sustain the burden of proof in that respect. The plaintiff testified that the truck was laid up for thirty days and that he lost a profit of $25 to $32.50 per day. But, in that part of the bill of particulars filed by him in which he complied with the request of the defendant to specify the length of time that he claimed to have been deprived of the use of the truck and trailer, he stated: "About five or six days."

The testimony to prove that he could not have obtained another similar truck and trailer to replace the damaged ones, while they had to be laid up for repairs, and to prove what net profits he would have made by using his own truck and trailer, if they had not been damaged, was so unsatis-

factory that we cannot fairly conclude that the refusal of the trial justice to allow anything to the plaintiff for lost profits was clearly against the preponderance of the evidence. Therefore, we find no merit in the plaintiff's second exception.

As to the matter of depreciation, the evidence showed that the repairs that were made before the truck and trailer were put into operation again were made by the plaintiff's employees; and there was no evidence from which it could be ascertained what should be allowed as the actual cost of the labor and materials used or whether, after being so repaired, the truck or the trailer was of any less value than before they were damaged.

The trial justice therefore had to base his findings, as to the amounts to be allowed for the damages to them respectively, upon the estimates, made by expert witnesses, of the labor and materials which would be required for making the needed repairs and what would be the costs of such labor and materials. There is nothing in the evidence which shows that, if the repairs had been made which were covered by the sums which he allowed for them, there would have been any depreciation of either the truck or the trailer.

Hence we cannot find that he was wrong in not allowing anything for depreciation; and we are of the opinion that the plaintiff's third exception should be overruled.

This leaves for consideration only the first exception, which is a general one to the final decision. In that decision the trial justice, accepting as correct certain testimony as to the cost of repairing the plaintiff's trailer, allowed $150 for the damage to that. We cannot find that this was clearly not in accordance with the preponderance of the evidence; and indeed the plaintiff does not seem to object seriously to this part of the decision.

In assessing the damage to the truck, the trial justice, in his decision, stated that, as to the cost of repairing it, he

would not follow the testimony of the defendant's expert as against that of Frizzle, the plaintiff's expert, because the former's specialty was passenger cars and the latter's was trucks.

One of the results of the accident was that the frame of the plaintiff's truck was bent and there was evidence that it needed to be straightened. Frizzle's testimony was that the expense of straightening it would be $150. But the trial justice found that this figure was too high and allowed $100 instead.

He then said in his decision: "The Frizzle testimony was to the effect that it would in his opinion require—would take 250 hours to repair the truck, at $1.65 per hour, and he estimated $600 as the cost, which cost included straightening the frame, $150, and approximately 250 hours work, at $1.65, amounting to $412.50, and then painting and other items, bringing the sum up to $600. Now the Court has already allowed $100 for the trailer, so that would take $150 from the estimated $600, or leave $450, which the Court will allow." It seems clear to us that what he actually said or meant to say about the $100 was that he had allowed that sum for the straightening.

He next took up the question of the necessity of a new cab being installed on the truck because of the accident. After discussing the evidence on that subject, including the fact that it was more than a year and some months after the accident when it was first decided that a new cab should be put on the truck, he stated that it did not seem to him that the plaintiff should expect to get a new cab. He therefore refused to allow anything for that; and we cannot say that his refusal was clearly against the preponderance of the evidence.

Immediately afterwards he stated that he felt that the sum of $700 would take care of all the plaintiff's damages proved

in the case and he made a decision for the plaintiff for that sum.

When the decision for the plaintiff for $700 had been stated, the latter's attorney first called the attention of the trial justice to the fact that the undisputed charge of $85.14, which the plaintiff had had to pay for getting his truck back on the road after the collision and bringing it in, had been overlooked. The trial justice then added that in, to make a total of $785.14 as damages for the plaintiff. Immediately afterwards the same attorney asked if that sum included parts and the trial justice said: "That's all the Court will give the plaintiff in that case"; and nothing more was said.

The plaintiff's attorney vigorously contended before us that the trial justice, in his decision, had overlooked any allowance for parts necessary in repairing the truck, and that the figure of $700 allowed by him included only $150 for repairs to the trailer, $100 for straightening the frame of the truck and $450 for the rest of the labor cost of repairs to the truck, as estimated by Frizzle, but nothing for parts.

But, in our opinion, the trial justice did not overlook or fail to consider the question of necessary parts in rendering his decision. Immediately before fixing the sum of $700 for all damages, he had found that a new cab, which was one item of parts, was not required by reason of the damages to the truck. It therefore seems to us highly improbable that he overlooked the fact that the estimate by Frizzle of $600, which was only for *labor* costs of repairs to the truck, included the *labor* cost of installing a new cab, which Frizzle had estimated at $135, and which, under the ruling of the trial justice as to the cab, would not be allowable as a part of the plaintiff's damages.

Moreover, it seems to us highly improbable that the trial justice, in discussing and deciding the question of the necessity of a new cab, overlooked the obvious fact that this was only one of a series of *parts*, which Frizzle, in his testimony

and in his typewritten estimate, filed as an exhibit, of the costs of materials and labor needed for repairs to the truck, had found to be required, the cost of parts for a new cab being stated as $240 out of a total of $528.35, leaving for the other parts a figure of $288.35.

It seems to us very probable that the trial justice, in arriving at a total of $700 for repairs to the truck and trailer, did so by concluding that the figure of $135, which Frizzle had included in *labor* costs as the labor cost of installing a new cab, was enough to cover the cost of needed parts, outside of a new cab, instead of Frizzle's figure of $288.35. This seems to us much more probable, all things considered, including the facts that Frizzle's figures were only estimates and that there was no evidence that all these parts were actually needed, than that the trial justice arrived at the figure of $700 for repairs to the truck and trailer by overlooking the obvious facts that Frizzle's estimate of $600 for *labor* costs included $135 for the installing of a new cab and that his estimate of the costs of repairs included $288.35 for *new parts,* besides $240 for a new cab.

Therefore, we find that there is no merit in this contention of the plaintiff, on which he mainly based his first exception, and we find that there is no other valid ground for sustaining it.

All the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*George Paul Slade of Greenough, Lyman & Cross, Charles W. Proctor,* of Massachusetts Bar, for plaintiff.

*Kingsley, Reynolds & Kingsley, Clifford A. Kingsley, Francis V. Reynolds,* for defendant.